UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARTI JOSHI, on behalf of herself
and those similarly situated,

    Plaintiff,

vs.                                    CASE NO.: 6:08-cv-584-ORL-19KRS

FIFTH THIRD BANK, a foreign
Corporation, and FIFTH THIRD
BANCORP, a foreign corporation,

    Defendants.

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ARTI JOSHI ("Plaintiff"), and Defendants, FIFTH THIRD BANK and FIFTH THIRD BANCORP, both foreign corporations ("Defendants") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Since one of Plaintiff's claims arise under the Fair Labor Standard Act ("FLSA"), that part of the Parties' settlement must be approved by this Court and said approval must be entered as a stipulated final judgment.

**I.**    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit

brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants.  The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiff and Defendants were represented by experienced counsel.

The instant action involves claims for unpaid wages under the FLSA, a violation of

the Equal Pay Act of 1963, 29 U.S.C. §206 (d)(1) and several possible claims under Title VII of the Civil Rights Act of 1964, that were contained in a Charge of Discrimination filed with the Equal Employment Opportunity Commission.  The Parties agreed to resolve the entire dispute including the FLSA claim, EPA claim and any potential Title VII claims arising from the Charge of Discrimination.

The Parties agree that the instant FLSA claim involves disputed issues, including whether Plaintiff was exempt under the administrative exemption, whether liquidated damages are appropriate and whether Plaintiff worked the alleged hours.  If Defendants were successful in defeating coverage of the FLSA, Plaintiff's claims under the FLSA would also have been completely defeated.  The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  Plaintiff and her counsel discussed the Plaintiff's alleged hours and pay rate and formulated their own proposed settlement figures.  The Parties then engaged in settlement discussions, based upon their independent calculations.  The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations.  All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### II.     Terms of Settlement

Parties have agreed to settle all of Plaintiff's claims for a total of $35,000.00, inclusive of attorney's fees and costs.  The amount of the settlement proceeds attributable to Plaintiff's FLSA claim is $3,000.00.

Plaintiff's counsel will receive a total of $11,666.66 in attorney's fees and costs.  This amount is based upon the hours worked by Plaintiff's counsel on the entire matter

including Plaintiff's FLSA claim, EPA claim and Title VII claims as well as all costs incurred. The parties agree this is a reasonable fee under the circumstances of this case.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

Respectfully submitted this 9th day of April, 2009.

| | |
|---|---|
| */s/ Nathan A. McCoy, Esq.*<br>Nathan A. McCoy, Esquire<br>Florida Bar No.: 0676101<br>NATHAN A. MCCOY, P.A.<br>151 Lookout Place, Suite 210<br>Maitland, FL 32751<br>Telephone: (407) 644-2460<br>Facsimile:  (407) 644-2705<br>Email: nathan@nmccoylaw.com<br><br>**Attorney for Plaintiff** | */s/ Anthony J. Hall, Esq.*<br>Anthony J. Hall, Esquire<br>Florida Bar No.: 0040924<br>LITTLER MENDELSON, P.C.<br>111 North Magnolia Avenue, Suite 1250<br>Orlando, FL  32801-2366<br>Telephone: (407) 393-2900<br>Facsimile:  (407) 393-2929<br>Email: ajhall@littler.com<br><br>**Attorney for Defendant** |